IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANDRE TYRONE FISHER,                *

    Plaintiff                        *

        v.                       *          Civil Action No. DKC-19-893

GOVERNOR LARRY HOGAN,        *
TREASURER NANCY K. KOPP,
COMPTROLLER PETER FRANCHOT,   *
DAVID R. BLUMBERG
                             *

    Defendants

                             ***

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this civil rights case is Defendants' motion to dismiss for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 10. Plaintiff Andre Tyrone Fisher has filed correspondence in opposition. ECF No. 13. The matter is ripe for disposition and no hearing is necessary. Local Rule 105.6 (D. Md. 2018). For the reasons to follow, Defendants' motion will be granted.

**BACKGROUND**

Mr. Fisher, who is self-represented, claims in his complaint, supplemented at the direction of the court, that he "filled out the application" for his pardon (ECF No. 4 at 1), he was incarcerated for convictions in Somerset County, Maryland, was later exonerated, and is entitled to compensation from the Maryland Board of Public Works because he was imprisoned for crimes he did not commit. ECF Nos. 1, 3, 4. Defendants Governor Larry Hogan, Treasurer Nancy K. Kopp, Comptroller Peter Franchot, and David Blumberg, Chair of the Maryland Parole Commission,

assert that Mr. Fisher's claims are barred by Eleventh Amendment immunity and fail to state a claim for which relief may be granted.

## STANDARD OF REVIEW

Questions of subject matter jurisdiction must be decided first because they concern the court's authority to hear the case. *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 442 n. 4 (4th Cir. 1999). The burden of proving there is subject matter jurisdiction is borne by the plaintiff. *Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). In a 12(b)(1) motion, the court "may consider evidence outside the pleadings" to help determine whether it has jurisdiction over the case before it. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *see also Evans*, 166 F.3d at 647. A Rule 12(b)(1) motion to dismiss may be presented in either of two ways. "A defendant may either contend (1) that the complaint fails to allege facts upon which subject matter jurisdiction can be based; or (2) that the jurisdictional facts alleged in the complaint are untrue." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). The court should grant the 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond,* 945 F.2d at 768. When Defendants make a facial challenge to subject matter jurisdiction, as here, "the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Adams*, 697 F.2d at 1219. "In that situation, the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009).

Defendants also argue that the complaint fails to state a plausible claim for relief under Fed.R.Civ.P. 12(b)(6). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

2

A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). There must be more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268, (1994), and all factual allegations must be construed in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993)). Although a court should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), legal conclusions or conclusory statements do not suffice, *Iqbal,* 556 U.S. at 678.

## DISCUSSION

### I. Eleventh Amendment Immunity

Under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from suits for damages in federal court brought by its citizens or the citizens of another state, unless it consents. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Also barred by the Eleventh Amendment are claims brought against state employees in their official capacity because a suit against a state officer in his official capacity is tantamount to a suit against the state itself. *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985). When defendants are sued in their individual capacity, however, they are not immune to suit under the Eleventh Amendment. *Hafer v. Melo*, 502 U.S. 21, 22 (1991).

Mr. Fisher does not state in the complaint in which capacity he is suing Defendants. The United States Court of Appeals for the Fourth Circuit instructs that a court must examine the substance of the pleadings to determine whether a defendant is sued in an individual or official capacity for Eleventh Amendment immunity purposes. *Biggs v. Meadows,* 66 F.3d 56, 58 (4th Cir. 1995). In making its determination, a court must examine the nature of the claims, the relief sought, whether a plaintiff has alleged the defendants acted pursuant to official customs or policies, and the nature of the defenses. *Id.* at 61. Mr. Fisher names Defendants by their official titles, and Peter Franchot, in regard to his affiliation with the Board of Public Works. In his opposition, Mr. Fisher argues that he has standing, although he does not specifically state whether he is suing Defendants in their individual capacities or specifically refute Defendants' arguments in this regard. He requests "compensation" seemingly from state funds. Accounting for these factors, the court determines that Mr. Fisher has sued Defendants in their official capacity.

Because Defendants are immune from suit from claims against them in their official capacity, those claims must be dismissed. *See e.g. Rodriquez, aka Michael A. Jones, v. Nancy K. Kopp, et al*., Civil Action No. RDB-17-3827 2019 WL 568877 (D. Md. February 12, 2019) (dismissing official capacity claims against Treasurer Nancy Kopp, Governor Larry Hogan on the grounds of Eleventh Amendment immunity); *Denkenberger v. Maryland State Parole Commission, et al,* Civil Action No. WDQ-10-1726, 2011 WL 2600544 (D. Md. June 24, 2011) (dismissing official capacity claims against David Blumberg, Parole Commission Chairman, on the grounds of Eleventh Amendment immunity). Moreover, if the court treated Mr. Fisher's claims as raised against Defendants in their personal capacity, his claims are subject to dismissal as discussed below.

**B. Failure to State A Claim**

In order to state a claim under 42 U.S.C. § 1983, Plaintiff must allege: (1) a violation of a right secured by the Constitution or laws of the United States, and that (2) the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Philips v. Pitt County Memorial Hosp.,* 572 F.3d 176, 180 (4th Cir. 2009). Mr. Fisher does not claim that Defendants deprived of him a right secured by the Constitution and laws of the United States, nor does he allege that any Defendant was personally involved in violating his civil rights or that they tacitly approved such actions so as to suggest grounds for supervisory liability. ECF Nos. 1 & 4. Rather, he seeks relief under a Maryland statute which authorizes, but does not require, the Maryland Board of Public Works to provide compensation to wrongfully convicted prisoners. *See* ECF Nos. 1, 4.

Maryland law provides that the Board of Public Works "may" grant compensation to an individual erroneously convicted, sentenced, and confined. Md. Code Ann., State Finance and Procurement Art., § 10-501 (West. 2018 Supp.). For an award of such compensation, it must be shown that the individual has received a full pardon from the Governor or that the State's Attorney certified that the individual was convicted in error under § 8-301 of the Criminal Procedure Article (writs of actual innocence). Mr. Fisher does not plead he has met these eligibility requirements, and in fact acknowledges only that he has "filled out" his pardon application, so at most it is pending. *See* ECF No 1, ECF No. 4 at 1. To the extent that Fisher may want this court to compel the award of funds to him or to act on his pending pardon application, federal district courts have no mandamus jurisdiction over State employees, such as Defendants. *See Gurley v. Superior Court of Mecklenburg County,* 411 F.2d 586, 587 (4th Cir. 1969).

Even if Mr. Fisher had presented a cognizable federal claim, to recover damages for an alleged unconstitutional conviction or sentence, a § 1983 plaintiff must prove that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). To the extent that Mr. Fisher seeks to challenge the legality of his conviction through pursuit of a civil claim for damages, the claim is barred absent evidence that his convictions have been reversed, expunged, or declared invalid by a state court, or called into question under § 2254.

## CONCLUSION

For the foregoing reasons, the court will grant Defendants' motion and dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). A separate Order follows.

December 18, 2019 
_____/s/_____
DEBORAH K. CHASANOW
United States District Judge